1  LEE TRAN & LIANG LLP
2    Enoch H. Liang (Bar No. 212324)
     enoch.liang@ltlattorneys.com
3    James M. Lee (Bar No. 192301)
     james.lee@ltlattorneys.com
4    Timothy S. Fox (Bar No. 280918)
     timothy.fox@ltlattorneys.com
5    Lauren Sliger (Bar No. 213880)
     lauren.sliger@ltlattorneys.com
6  601 S. Figueroa Street, Suite 3900
   Los Angeles, California 90017
7  Tel.: 213-612-8900
   Facsimile: 213-612-3773

8  Attorneys for Plaintiffs
   *Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl*
9

10 KLEINBERG & LERNER, LLP
11   Michael Hurey (Bar No. 139550)
     mhurey@kleinberglerner.com
12   Vivian Z. Wang (Bar No. 289870)
     vwang@kleinberglerner.com
13 1875 Century Park East, Suite 1150
   Los Angeles, California 90067-2501
14 Telephone: (310) 557-1511
   Facsimile: (310) 557-1540          **NOTE CHANGES MADE BY THE COURT**

15 Attorneys for Defendants
16 *Floorindo, Inc. dba Tropical Flooring, Maximus Flooring, Fantastic Flooring,*
   *Popular Flooring, KC Industries Co., Christina & Son, Inc., Guntar Salim, Teguh*
17 *Salim, Toupan Salim, Bobby Lin aka Bobby Lim, Yun Fang Zhang aka Christina*
   *Zhang*

18

19                **UNITED STATES DISTRICT COURT**

20              **CENTRAL DISTRICT OF CALIFORNIA**
                                              **NOTE CHANGES MADE BY THE COURT**
21

22 UNILIN BEHEER B.V., and FLOORING          CASE NO: 2:14-cv-02209-BRO
   INDUSTRIES, LTD. SARL,                    (SSx)
23
             Plaintiffs,                      **STIPULATED
24                                            PROTECTIVE ORDER**
        v.
25                                           [Discovery Document: Referred
   TROPICAL FLOORING, *et. al.*              to Magistrate Judge Suzanne H.
26                                           Segal]
             Defendants.
27

28



---

STIPULATED PROTECTIVE ORDER

FILED
CLERK, U.S. DISTRICT COURT

OCT  1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY        (KU)          DEPUTY

WHEREAS, Plaintiffs Unilin Beheer B.V. and Flooring Industries, Ltd. Sarl have filed a First Amended Complaint against Defendants Tropical Flooring, Maximus Flooring, Fantastic Flooring, Floorindo, Inc., Guntar Salim, Teguh Salim, Toupan Salim, Bobby Lin aka Bobby Lim, KC Industries Co. d/b/a K & C Flooring, Christina & Son, Inc., Yun Fang Zhang aka Christina Zhang, Hengxiang Flooring, Inc., Popular Flooring, and Does 1 to 25 inclusive in the above-captioned action (the "Action");

WHEREAS, GOOD CAUSE APPEARS for the entry of this Protective Order because discovery in this Action may involve the disclosure of trade secrets as defined in California Civil Code § 3426.1 or other confidential, technical, business and financial information, including, but not limited to, marketing information, sales information, customer lists, market surveys, and other similar materials that would cause substantial, material harm to the Disclosing Party if such information were publicly known;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this protective order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

1.    All documents, electronically stored information, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order if designated in accordance with this Protective Order, and if so designated, used only for the purposes of this litigation and related litigation matters and governmental filings (including, for example, filings with the United States Patent

1    and Trademark Office) and not for any other purpose, including but not limited to
2    business, or competitive purpose or function.    Notwithstanding the foregoing,
3    nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or
4    otherwise restrict or impair in any manner any Party's use or disclosure of its own
5    information, in whatever form.

6        2.    The terms of this Protective Order shall apply to all manner and means
7    of disclosure of information in discovery, whether formal or informal, designated in
8    accordance with this Protective Order, including without limitation oral testimony,
9    entry onto land or premises, and production and/or inspection of books, records,
10   documents, electronically stored information and tangible things.

11       3.    Definitions

12       a.    "Private" information is defined herein as information that a Disclosing
13           Party in good faith believes (i) is not in the public domain (i.e., not
14           generally known and not reasonably ascertainable by proper means)
15           and (ii) contains trade secrets (as defined in California Civil Code §
16           3426.1) or other proprietary or confidential research, development,
17           marketing, financial, technical, or commercial information, including
18           business plans, pricing information, financial statements and
19           accounting reports, minutes of board of directors meetings, marketing
20           and advertising plans, product development information and market
21           research or other commercial information.

22       b.    "Disclosing Party" is defined herein as any Party or non-party who is
23           requested to produce or produces Documents or other information in
24           connection with the conduct of the Action.

25       c.    "Document" shall include without limitation any documents, records,
26           exhibits, reports, samples, transcripts, oral testimony, video or audio
27           recordings, affidavits, briefs, summaries, notes, abstracts, drawings,
28           company records and reports, computer code, databases, version

STIPULATED PROTECTIVE ORDER

control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing. The term "Document" as used herein specifically includes electronically stored information as that term is used in the Federal Rules of Civil Procedure.

d.   "Confidential Business Information," information is defined herein as such Private information that the Disclosing Party in good faith believes would cause direct harm to the competitive position of the Disclosing Party if such Private information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Disclosing Party.

e.   "Qualified Person" as used herein means:

(i)   A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this litigation;

(ii.)   Outside attorneys of record for the parties in this litigation, and other outside counsel who are providing advice to any party in connection with this litigation or are otherwise assisting in the defense of this litigation, and employees or service providers of such counsel to whom it is necessary that the material be shown for purposes of the litigation;

(iii)   In-house counsel for a Party who are responsible for assisting with the litigation;

(iv.)   Any person retained by a Party or its trial counsel as an independent consultant or expert (who is not a shareholder, officer, director or employee of a Party) who agrees in writing to be bound by the terms of this Protective Order in the form of

3

STIPULATED PROTECTIVE ORDER

Exhibit A, attached hereto (such signed agreement shall be preserved by the retaining Party or trial counsel);

(v.)   Any court reporter who transcribes testimony in this Action at a deposition and who agrees that all testimony and exhibits that are designated Private or Confidential Business Information Restricted is and shall remain Private or Confidential Business Information and shall not be disclosed except as provided in this Order;

(vi.)   The Court and the Court's personnel;

(vii.)   Outside vendors who perform copying, document preparation, or creation of trial graphics or tutorials on behalf of any Party for use in this action and who agree that all testimony and exhibits that are designated Private or Confidential Business Information are and shall remain Private or Confidential Business Information and shall not be disclosed except as provided in this Order;

(viii.)   Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties or by Order of this Court, after notice to all Parties and a hearing;

f.   "Receiving Party" is defined herein as any individual who has received information properly designated as Private, or Confidential Business Information, pursuant to this Protective Order.

4.   A Disclosing Party may designate Private information, as defined herein.  In designating Private information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Private information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c).  No item shall be deemed Private if it is disclosed in a printed publication available to the public or trade, is generally known

4

STIPULATED PROTECTIVE ORDER

1   throughout the trade and public, or is or comes to be known to a Party through means
2   not constituting breach of any proprietary or confidential relationship or obligation,
3   breach of this Protective Order or any improper means.

4      5.   Documents and things produced that contain Private information may
5   be designated as such by marking the first page or tangible medium containing such
6   information, if it is an electronic document, or each page if it is a paper document at
7   or before the time of production as follows: "PRIVATE."

8      6.   Access to information designated as PRIVATE shall be limited to
9   Qualified Persons (as defined in paragraph 3(e) above).  A Receiving Party shall
10  treat information as "Private" under this Protective Order, as soon as a Disclosing
11  Party so designates the information.

12     7.   A Disclosing Party may designate Confidential Business Information
13  as defined herein.  In designating Confidential Business Information, the Disclosing
14  Party will make such designation only as to that information that it has regularly
15  treated as, and in good faith believes contains, Confidential Business Information,
16  as defined herein and consistent with Federal Rule of Civil Procedure 26(c).
17  Documents, testimony, information and other things designated Confidential
18  Business Information, may be disclosed only to the Qualified Persons identified in
19  subsections (ii) through (viii) of Paragraph 3(e) of this Protective Order.  A
20  Receiving Party shall treat information as Confidential Business Information as soon
21  as a Disclosing Party so designates the information.

22     8.   Documents and things produced that contain Confidential Business
23  Information may be designated as such by marking the first page or tangible medium
24  containing such information, if it is an electronic document, or each page if it is a
25  paper document at or before the time of production by the following:
26  "CONFIDENTIAL BUSINESS INFORMATION" or "RESTRICTED." Plaintiffs
27  will be producing documents previously produced in prior litigation that are marked
28  with a designation of "CONFIDENTIAL BUSINESS INFORMATION,"

5

"CONFIDENTIAL," or "RESTRICTED."   Any documents so marked will be deemed to have been designated as Confidential Business Information as defined herein and treated in accordance with the applicable provisions of this Order.

9.    In the event that at the time a document is produced the designation Private or Confidential Business Information is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Disclosing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Receiving Party in writing of the change in or addition of a restrictive designation, accompanied by substitute copies of each item, properly designated.   As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated Documents or information consistent with the designation given by the Disclosing Party.   Those individuals who reviewed the documents or information prior to notice of the mis-designation or failure to designate by the Disclosing Party shall return all copies of the mis-designated or non-designated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any information contained in the mis-designated or non-designated Documents or information.   The Receiving Party shall have no liability to the Disclosing Party, the Court, or third parties for any use or disclosure of any documents or information prior to the time that the Disclosing Party notifies the Receiving Party in writing of the change in or addition of a specific designation under this Protective Order.

10.    In the event that either Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Private or Confidential Business Information, then such disclosure shall be permitted only under the following conditions:

a.    Prior to disclosure, the independent consultant or expert shall

STIPULATED PROTECTIVE ORDER

acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

b.  Prior to disclosure of such Private or Confidential Business Information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae shall be delivered by electronic mail, hand delivery, facsimile or overnight courier to Trial Counsel for the Disclosing Party along with a statement that the Exhibit and curriculum vitae are being served in accordance with this paragraph 10 of the Protective Order.

c.  In the event that the Disclosing Party objects to disclosure of its Private or Confidential Business Information to the independent consultant or expert, the Disclosing Party shall deliver by electronic mail, hand, facsimile or overnight courier a notice of objection to the opposing Party within five (5) business days after receipt of service of the materials required to be served under subparagraph (b) of this paragraph 10. In such event, disclosure of the information shall not be made until the Parties agree in writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted. The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection. Failure to give notice of objection within five (5) business days after receipt of service of the materials required to be served under subparagraph (b) of this paragraph 10 shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground did not exist at such time. A Disclosing Party may object to the disclosure of Private or Confidential Business Information to an independent consultant or expert only on the grounds that an

1             actual and material conflict of interest exists between such independent

2             consultant or expert and the Disclosing Party.

3      d.     Unless the dispute is resolved by agreement between the Parties, the

4             Party seeking disclosure may move for a ruling by the Court on the

5             dispute. The Disclosing Party shall have the burden of establishing that

6             the disclosure should not be permitted.

7      e.     When an expert or independent consultant has been identified pursuant

8             to the above procedure, the procedure need not be followed for any and

9             all subsequent disclosures of confidential material to the same expert or

10            independent consultant.

11      11.     Information disclosed at a deposition may be designated under this

12 Protective Order by a Disclosing Party by so-indicating on the record at the

13 deposition, or by the Disclosing Party's notification of all other Parties and the court

14 reporter in writing, within fifteen (15) calendar days of receipt of the original copy

15 of the transcript of the portions of the transcript that contain information to be

16 designated under this Protective Order. The Disclosing Party shall attach a copy of

17 a written statement making such designation to the face of the transcript by page and

18 line numbers and provide a copy of same to every other Party.

19      12.     Testimony designated as Confidential Business Information or exhibits

20 designated as Confidential Business Information shall not be disclosed to any

21 persons other than those specified in subsections (ii) through (viii) of Paragraph 3(e).

22 The designation of testimony given as Private or Confidential Business Information,

23 or the de-designation of such testimony given, shall not affect the confidential status

24 of exhibits presented or used in connection with such testimony.

25      13.     All Private or Confidential Business Information submitted to the

26 Court, and all portions of pleadings, motions or other papers filed with the Court that

27 disclose such Private or Confidential Business Information, shall be filed under seal,

28 along with an application and proposed order pursuant to Local Rule 79-5.1, with

*[Handwritten margin note: Parties shall follow procedures under Pilot Program for E-filing under seal documents. See www.cacd.uscourts for further information]*

1   the Clerk of the Court and kept under seal until further order of the Court. The

2   parties will use their best efforts to minimize such sealing. ~~In addition, any party~~

3   ~~filing any portion of any pleading, motion or other paper under seal shall file via~~

4   ~~ECF~~ a redacted copy of any such pleading, ~~motion or other paper that removes any~~

5   ~~and all references to the Private or Confidential Business Information~~. If, after the

6   conclusion of this litigation and any time for appeal has expired, the Clerk of the

7   Court desires to or must for any reason destroy any documents that were filed under

8   seal, the Clerk of the Court may follow the regular procedures for the destruction of

9   documents that were filed under seal.

10      14.   In the event that Documents or information designated pursuant to this

11   Protective Order are disclosed to any person not authorized by this Protective Order

12   to receive the Documents or information, the party responsible for this disclosure

13   must immediately bring all pertinent facts relating to such disclosure to the attention

14   of all Parties, and without prejudice to other rights and remedies of the Disclosing

15   Party, shall prevent further disclosure by it and seek to prevent further disclosure by

16   any other person who was the recipient of such Documents or information. The

17   identification under this section of a Party to whom disclosure was made shall not

18   constitute a waiver of attorney work product or attorney-client privileges.

19      15.   The inadvertent production of any privileged or otherwise protected

20   materials shall not be deemed a waiver or impairment of any claim of privilege or

21   protection including, but not limited to, the attorney-client privilege and the

22   protection afforded to work-product materials, or the subject matter thereof. Upon

23   receiving written notice from the Disclosing Party that materials asserted to be

24   privileged or protected have been inadvertently produced, the Receiving Party shall

25   promptly return or destroy all such material (and any copies that may have been

26   made and may have been distributed) to the Disclosing Party within five (5) business

27   days of receipt of such notice. Until such materials are returned or destroyed, such

28   materials and the information contained therein shall be treated as Confidential

1   Business Information.   Nothing stated herein shall limit the right of a Party to
2   challenge a claim of privilege or protection made pursuant to this paragraph.

3       16.   If a Party wishes to challenge the designation of any information as
4   Private or Confidential Business Information, the Party shall, in good faith, narrowly
5   limit such efforts solely to those Documents, testimony, transcripts, and/or other
6   materials or things (or portions thereof) for which declassification reasonably
7   appears to be appropriate.  The Disclosing Party shall, within ten (10) business days
8   after receipt of the Receiving Party's request for declassification, make a good faith
9   determination as to whether the information at issue should be declassified and
10  notify the Receiving Party of its determination.  If the dispute cannot be resolved
11  informally or the Disclosing Party fails to respond within ten (10) business days, the
12  Receiving Party may seek appropriate relief from the Court.  The Disclosing Party
13  shall have the burden of proving that the designation is proper.  The designation of
14  the disputed information shall remain unless and until otherwise ordered by the
15  Court.

16      17.   A Party shall not be obligated to challenge the propriety of a
17  designation of a document at any level of confidentiality identified in this Protective
18  Order at the time made, and a failure to do so shall not preclude a subsequent
19  challenge thereto.

20      18.   Within sixty (60) calendar days after the conclusion of this litigation
21  and any time for appeal has expired, unless the Parties agree in writing to the
22  contrary, any originals or reproductions of any documents produced by a Disclosing
23  Party containing Private or Confidential Business Information shall be destroyed,
24  except that trial counsel shall be entitled to retain for archival purposes one (1) paper
25  and one (1) electronic copy of pleadings, correspondence, deposition transcripts,
26  deposition exhibits, memoranda, notes and other work product materials which
27  contain or refer to Private or Confidential Business Information.

28      19.   Insofar as the provisions of this Protective Order restrict the

communication and use of the Documents produced hereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless such exhibits were filed under seal) or (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

20.    This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for modification of or relief from any of its terms.

21.    Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties and a hearing, orders such disclosure.

22.    Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

23.    This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

24.    Nothing in this Order shall bar amendment of this Order by stipulation of the Parties or by Order of the Court.  Any such amendment made by stipulation of the Parties shall be made in writing.

25.    Nothing in this Order shall prevent disclosure beyond the terms of this Order: (i) if the Disclosing Party consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the party to whom Private or Confidential Business Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the Disclosing Party and provides counsel for that party at least ten (10) business days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued. In addition, nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any Order requiring production of the material designated as Private or Confidential Business Information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or Order, or to seek any relief from this Court.

///
///

26.   The terms of this Protective Order shall survive termination of this action.

SO STIPULATED:

Dated: September 25, 2014

KLEINBERG & LERNER, LLP                    LEE TRAN & LIANG LLP


By: /s/ Michael Hurey                       By: /s/ Lauren Sliger
    Michael Hurey                               Lauren Sliger
    1875 Century Park East, Suite 1150          601 S. Figueroa St., Suite 3900
    Los Angeles, CA 90067                       Los Angeles, CA 90013
    Telephone: (310) 557-1511                   Telephone: (213) 612-8900
    *Attorneys for Floorindo, Inc. dba*         *Attorneys for Unilin Beheer*
    *Tropical Flooring, Maximus Flooring,*      *B.V. and Flooring Industries,*
    *Fantastic Flooring, Popular Flooring,*     *Ltd. Sarl*
    *KC Industries Co., Christina & Son,*
    *Inc., Guntar Salim, Teguh Salim,*
    *Toupan Salim, Bobby Lin aka Bobby*
    *Lim, Yun Fang Zhang aka Christina*
    *Zhang*


**IT IS SO ORDERED**

DATED: 10/1/14

THE HONORABLE SUZANNE H. SEGAL
United States District Court Magistrate Judge

---

13

## EXHIBIT A
### Nondisclosure Agreement

     I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Unilin Beheer B.V. et. al. v. Tropical Flooring, et. al.*, United States District Court for the Central District of California, Civil Action No. CV14-02209-BRO (SSx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.


DATED: _____        _____